Calvin Lamont WALKER  *v.*  STATE of Arkansas

CR 04–456                                                  187 S.W.3d 854

Supreme Court of Arkansas
Opinion delivered June 10, 2004

*Craig Lambert*, for appellant.

No response.

P ER CURIAM. In an unpublished opinion dated May 20, 2004, this court issued a show-cause order to Attorney R.S. McCullough. The facts leading up to our order are as follows: Calvin Lamont Walker was convicted of delivery of a controlled substance on August 26, 2002, and Mr. McCullough timely filed a notice of appeal from that judgment. On November 19, 2002, Mr. McCullough tendered to our clerk an uncertified copy of the information, amended information, circuit court docket sheet, and judgment of conviction in the case. He was advised that the uncertified documents could not be lodged as a partial record and that, in addition to certified copies of the tendered documents, a certified copy of a notice of appeal was also required.

Though Mr. McCullough was never relieved as Mr. Walker's counsel, in the eighteen months that passed from the date he

tendered the uncertified documents to the date of our show-cause order, Mr. McCullough did not tender a certified partial record nor did he give any indication he would proceed to protect his client's right to appeal. During that eighteen-month span, several phone calls were made to Mr. McCullough that were never returned. Additionally, his client, Mr. Walker, sent four letters to this court inquiring as to the status of his appeal, and responses to those letters were mailed to Mr. Walker with copies sent to Mr. McCullough. In spite of these attempts to obtain a certified partial record from Mr. McCullough, none was forthcoming.

A motion for rule on clerk was filed by Attorney Craig Lambert on behalf of Mr. Walker. In addition to granting the motion for rule on clerk, our May 20 per curiam order directed the Supreme Court Clerk to lodge the appeal with Mr. Lambert as attorney-of-record, and we ordered R.S. McCullough to appear before us on June 3, 2004, to show cause why he should not be held in contempt for failing to perfect his client's appeal. On June 3, Mr. McCullough appeared before this court and pled not guilty. He was advised that a special master would be appointed to make findings of fact concerning his failure to perfect Mr. Walker's appeal.

We hereby appoint as special master the Honorable John Jennings to hear this matter and provide this court with findings of fact. Upon receipt of the master's findings, we will render a decision in this matter.